Lloyd VICKROY and Timothy J. Vickroy, Plaintiffs–Appellants,

v.

WISCONSIN DEPARTMENT OF TRANSPORTATION, et al., Defendants–Appellees.

No. 02–3591.

United States Court of Appeals, Seventh Circuit.

Submitted July 29, 2003.*

Decided July 31, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

### Order

■ Timothy Vickroy was injured in an automobile accident in Wisconsin. Defendants in this federal litigation by Timothy and his father Lloyd (who owned the car that Timothy was driving) include Wearer Swannigan (who the Vickroys say caused the accident by reckless driving), Ultea Inc. (the lessor of Swannigan's vehicle), Intermet Corp. (Swannigan's employer), Crum & Forster (which issued a policy of insurance covering Swannigan's use of that vehicle), Racine County (in whose jurisdiction the accident occurred), Mt. Pleasant Township (ditto), and the Wisconsin Department of Transportation (which plaintiffs believe caused, or approved, a poor roadway design that contributed to the accident). This is the Vickroys' second suit against Crum & Forster and the Department. They sued both entities in state court, which ruled in the Department's favor on the basis of sovereign immunity after the Vickroys voluntarily dismissed Crum & Forster. The district court ruled in favor of all defendants in this federal case, for reasons that varied according to the defendant. We need not recite the details but turn to an analysis of the arguments presented on appeal. (We cover only arguments raised in the Vickroys' opening brief; contentions in their reply brief, but omitted from the opening brief, have not been preserved for decision. Nor do we address several arguments that the Vickroys have raised on appeal but not in the district court.)

■ The Vickroys contend that the Department violated their constitutional right to travel (which they style a "right to free passage") by causing or permitting road designs that lead to accidents. The suit readily could be dismissed as frivolous–Wisconsin did not try to turn visitors away at the border or impose costs on visitors exceeding those borne by its own citizens–

but there is an antecedent problem: 42 U.S.C. § 1983 does not authorize it in the first place, as units of state government are not "persons" under that statute. See *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The Vickroys contend that the Department is "self sustaining" and therefore not part of "the state" for purposes of the eleventh amendment. This contention is both incorrect, see *Regents of University of California v. Doe,* 519 U.S. 425, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997), and irrelevant: whether an entity is a "person" comes ahead of any constitutional inquiry. See *Lapides v. Board of Regents of University System of Georgia,* 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). The Department is not a "person" for purposes of § 1983, so the district court properly dismissed it. (The state court's determination that the Department cannot be sued under state law is preclusive against the Vickroys, so only federal claims against it could be available.)

■ Claims against the remaining defendants are supported by the diversity jurisdiction: the Vickroys are citizens of Missouri, and all defendants are citizens of other states. Plaintiffs seek more than $75,000 in damages. (Though the complaint is not clear on these matters, they are established in the record and an amendment under 28 U.S.C. § 1653 would show subject-matter jurisdiction.) But the only argument properly presented on appeal with respect to these defendants is unavailing. The Vickroys contend that they are entitled to compensation under Wis. Stat. § 950, the state's crime victims bill of rights, because Swannigan was cited and fined for a moving violation. Yet Wisconsin does not treat this as a "crime" for the purpose of § 950; traffic fines are treated as forfeitures rather than convictions under state law. See Wis. Stat.

§§ 346.18, 346.22, 939.12, 950.02(1m). What is more, the victims' bill of rights prohibits suit against towns and counties unless their misconduct was intentional, see §§ 950.10, 950.11, and the Vickroys have not offered any reason to infer that this condition has been satisfied.

Perhaps the Vickroys had a claim against Swannigan based on ordinary tort law; perhaps Swannigan's employer would have been vicariously liable. But plaintiffs have not pursued the normal tort theories. The claims that we have covered–the only ones properly preserved for decision on appeal–offer them no prospect of success.

AFFIRMED